a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JEFFREY LYNN JONES #727943, Petitioner — CIVIL DOCKET NO. 1:25-CV-01283 SEC P

VERSUS — JUDGE TERRY A. DOUGHTY

STATE OF LOUISIANA, Respondents — MAGISTRATE JUDGE PEREZ-MONTES

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Jeffrey Lynn Jones ("Jones"), a prisoner at David Wade Correctional Center in Home, Louisiana. Jones challenges his conviction and sentence in the Ninth Judicial District Court, Rapides Parish.

Because Jones's Petition was untimely filed, it should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Jones was convicted of third degree rape and sentenced to 20 years of imprisonment. *State v. Jones*, 2018-81, p. 1 (La.App. 3 Cir. 9/26/18); 254 So.3d 1221, 1222. The Louisiana Supreme Court denied writs on April 15, 2019. *State v. Jones*, 2018-1828 (La. 4/15/19); 267 So.3d 584.

On October 28, 2019, Jones filed an application for post-conviction relief, and later a supplemental brief, asserting claims of ineffective assistance of counsel, insufficiency of the evidence, and a claim based on *Ramos v. Louisiana,* 590 U.S. 83

(2020). ECF No. 1-2 at 25-34. On July 13, 2021, the application was denied. ECF No. 1-2 at 151-154.

Jones sought supervisory review in the Louisiana Third Circuit Court of Appeal, which denied relief. ECF No. 1-2 at 183-84. On January 25, 2023, the Louisiana Supreme Court denied writs, finding that Jones failed to establish ineffective assistance of counsel; that portions of his application were repetitive; and that he had fully litigated his application for post-conviction relief in state court. *State v. Jones*, 2022-00840, p. 1 (La. 1/25/23); 354 So.3d 1. The court further explained that Jones had exhausted his right to state collateral review, and any subsequent application would be governed by the narrow exceptions applicable to successive post-conviction applications under Louisiana Code of Criminal Procedure article 930.4. *Id.*

Despite that ruling, Jones filed another state collateral attack. The Louisiana Supreme Court ultimately denied review on June 3, 2025, explaining that Jones had previously exhausted his right to state collateral review and failed to demonstrate that any exception permits his successive filing. *State v. Jones*, 2025-00215, p. 1 (La. 6/3/25); 410 So.3d 790.

On August 21, 2025, Jones submitted his Petition to the prison for mailing. ECF No. 1 at 15.

## II. Law and Analysis

### A. Rule 4 of the Rules Governing § 2254 Cases is applicable.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). Jones's petition is subject to summary dismissal under Rule 4.

B. <u>Jones's Petition is untimely.</u>

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation for a state prisoner to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A)[1].

When a petitioner seeks direct review in the state's highest court but does not petition the United States Supreme Court for a writ of certiorari, the conviction

[1] The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Jones does not allege a new factual predicate, state-created impediment, or a newly recognized constitutional right. Thus, § 2244(d)(1)(B), (C), and (D) are not applicable.

becomes final upon the expiration of the 90-day period for seeking certiorari. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13.1.

AEDPA provides for statutory tolling during the pendency of properly filed state post-conviction proceedings. Specifically, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see also Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). An application remains pending throughout the state's post-conviction review process, including the time during which a petitioner seeks timely supervisory review in the state's appellate courts. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

However, the time that elapses before the proper filing of an application for post-conviction relief is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). That is, once the one-year period has elapsed, a subsequently filed state application for post-conviction relief or other collateral review cannot restart or resurrect the federal limitations period.

Federal courts may raise the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Jones's conviction became final on July 14, 2019, when the time within which to seek review in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period began on July 15, 2019, and ran for 105 days before

Jones filed his application for post-conviction relief on October 28, 2019.[2] The limitations period was tolled from the time Jones filed his post-conviction application until the Louisiana Supreme Court denied writs on January 25, 2023.

When the Louisiana Supreme Court denied writs on January 25, 2023, statutory tolling ended. The limitations period resumed on January 26, 2023, with 260 days remaining. It expired on October 13, 2023. Although Jones later filed a successive application for post-conviction relief, that filing did not revive the already-expired federal limitations period. Section 2244(d)(2) tolls a limitations period that is still running; it does not restart one that has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Villegas*, 184 F.3d at 472. Additionally, because that post-conviction application was not permitted, *Jones*, 410 So.3d 790, it was not "properly filed." *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (application is "properly filed" when its delivery and acceptance follow the applicable laws and rules governing filings).

Jones did not submit the Petition for mailing until August 21, 2025—nearly two years after the limitations period expired. Accordingly, the Petition is untimely.

## III. Conclusion

Because the Petition is barred by AEDPA's one-year statute of limitations, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

---

[2] Although the clerk did not file the application until October 31, 2019, Jones signed and delivered it to prison officials for mailing on October 28, 2019. The Court therefore deems the application filed on October 28, 2019, pursuant to the prison mailbox rule. *See Johnson v. United States*, 544 U.S. 295, 300 n.2 (2005).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE